IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| XAVIER R. NEWSOME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-CV-285-ECM-KFP |
| | ) | |
| KIRKE ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   Introduction**

Plaintiff Xavier Newsome, proceeding pro se and in forma pauperis, is an inmate at the Dale County Jail in Ozark, Alabama. Newsome filed this action for damages using the Court's standard form for complaints brought under 42 U.S.C. § 1983 and named Kirke Adams, the District Attorney for Dale and Geneva Counties, as Defendant. Doc. 1. After review and consideration of the Complaint, the undersigned RECOMMENDS this case be DISMISSED for the reasons set forth below.

**II.   Standard of Review**

Because Newsome was granted leave to proceed in forma pauperis (Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

### III. Factual Background

Newsome alleges District Attorney Adams subjected him to double jeopardy by twice indicting him under the same statute. Doc. 1 at 3. For this conduct, Newsome requests that Adams be ordered to pay him $400,000. *Id.* at 4. Incorporated with Newsome's Complaint are copies of four indictments issued against him by a Dale County Grand Jury. Doc. 1-1 at 1-4. The indictments identify two victims of Newsome's offenses and reflect that the charges against him include two separate counts of shooting into a motor vehicle

2

with a firearm in violation of Ala. Code § 13A-5-40(a)(17) and two separate counts of murder during a theft in violation of Ala. Code § 13A-5-40(a)(2). *Id.*

IV. **Discussion**

Newsome challenges the actions of District Attorney Adams in filing indictments against him claiming they violate his right against double jeopardy. Newsome's claim entitles him to no relief in this § 1983 action.

The law is settled that "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as an advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). This absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial[ ] and which occur in the course of his role as an advocate for the State." *Id*. (quotation marks omitted); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (explaining that in § 1983 action "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution, and punishment in a criminal case] is 'absolute'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (observing that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties"); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (holding that "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government"). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor "in initiating a prosecution and in presenting the State's case

3

. . . insofar as that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citations omitted).

Here, Newsome brings this damages action against Adams for his conduct in the initiation and prosecution of criminal proceedings against him. These actions involve Adams's engagement in activities intimately associated with the judicial phase of the criminal process, conduct for which he is entitled to absolute immunity. Thus, Newsome's Complaint against Adams is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## V. Conclusion

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS as follows:

1. This 42 U.S.C. § 1983 Complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(B)(2)(i) & (iii).

2. This case be DISMISSED prior to service of process.

3. Judgment be ENTERED for Defendant.

Further, it is ORDERED that by **May 30, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

DONE this 15th day of May, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE