IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| XAVIER R. NEWSOME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:23-cv-285-ECM |
| | ) | (WO) |
| KIRKE ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Report and Recommendation of the Magistrate Judge (doc. 4) which recommends that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(B)(2)(i) and (iii). On May 23, 2023, the Plaintiff filed Objections to the Recommendation. (Doc. 7).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to

conduct a *de novo* review of the record with respect to that factual issue") (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)).

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections. To the extent the Plaintiff makes conclusory assertions that he is entitled to relief against the Defendant but does not point to any legal error committed by the Magistrate Judge, his general objections are reviewed for clear error, and are due to be overruled.

However, the Plaintiff raises one objection to the Magistrate Judge's recommendation that is sufficiently specific to warrant *de novo* review. Specifically, the Plaintiff asserts that the Defendant should not be entitled to absolute immunity for his actions as a prosecutor. "State prosecutors are entitled to absolute immunity from damages under Section 1983 for all acts 'intimately associated with the judicial phase of the criminal process.'" *Mullinax v. McElhenney*, 817 F.2d 711, 714 (11th Cir. 1987) (quoting *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). As a district attorney, Adams is immune from suit for actions taken in his prosecutorial capacity. *See Imbler*, 424 U.S. at 427-28.

> A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991).

*Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). Thus, the law of this circuit is clear that state prosecutors are entitled to absolute immunity for actions taken during the development, initiation, prosecution, and presentation of a case. The actions of defendant Adams about which the Plaintiff complains relate to his role "as an 'advocate' for the state" and his actions were taken in preparing for or participating in judicial proceedings. *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999). The Plaintiff does not assert that Adams was acting outside the line and scope of his authority as a district attorney. Therefore, Adams is entitled to absolute prosecutorial immunity for the conduct about which the Plaintiff complains, and the Plaintiffs' objections to the Recommendation are due to be overruled.

## CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the Plaintiff's objections (doc. 7) are OVERRULED, the Recommendation of the Magistrate Judge (doc. 4) is ADOPTED, and this case is DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(B)(2)(i) and (iii).

A separate final judgment will be entered.

Done this 21st day of August, 2023.

            /s/ Emily C. Marks
            EMILY C. MARKS
            CHIEF UNITED STATES DISTRICT JUDGE